**ZHEN HUI LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–0787–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Douglas B. Payne, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Song E. Park, Attorney, Parisa J. Ghazi, Law Clerk, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zhen Hui Liu, a native and citizen of the People's Republic of China, seeks review of a February 16, 2007 order of the BIA affirming the August 3, 2005 decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Hui Liu,* No. A97–959–095 (B.I.A. Feb. 16, 2007), *aff'g* No. A97–959–095 (Immig. Ct. N.Y. City Aug. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opin-

ion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review an IJ's factual findings under the substantial evidence standard, treating these as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). An "IJ's factual finding will be affirmed if it is supported by evidence that is reasonable, substantial, and probative when considered in light of the record as a whole." *Manzur,* 494 F.3d at 289 (internal quotation marks omitted).

■ The agency did not err in finding that there was no nexus between Liu's treatment by the Chinese authorities and Liu's political opinion or his membership in a particular social group. In order to show that persecution occurred or will occur on account of political opinion, an applicant must demonstrate that the persecution arises from his actual or imputed political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing to *INS v. Elias–Zacarias,* 502 U.S. 478, 482–483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); *Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005).

In the instant case, Liu failed to produce sufficient evidence to show that the past harm he suffered in China or any future harm he might suffer if returned is con-

nected, in whole or in part, to his political opinion. *See Elias–Zacarias,* 502 U.S. at 482, 112 S.Ct. 812. Contrary to Liu's assertions, the evidence shows that Liu and his father protested the confiscation of their family's land in an effort to protect the family's livelihood, not challenge the legitimacy of China's government. *See Yueqing Zhang,* 426 F.3d 540, 547. Furthermore, as Liu states in his brief to this Court, the county government blamed Liu and his father for "interfering with the government's construction of a road."

In addition, substantial evidence supports the finding that Liu and his family were injured by the Chinese Government's desire to construct a road, not "on account of" Liu's and his family's membership in any particular group. *See* 8 U.S.C. § 1101(a)(42)(A). Thus, we need not reach the question of whether "poor agricultural workers" qualify as a social group for purposes of section 1101(a)(42)(A).[2] *See Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 168–169 (2d Cir.2006) (noting that where the BIA summarily affirmed the IJ's decision, this Court could not, in the first instance, consider the question of whether "affluent Guatemalans" qualify as a particular social group).

■ The IJ applied an incorrect standard when he determined that the economic deprivation Liu's family suffered did not amount to persecution, holding that the deprivation had to be "so severe as to render the family unable to provide for themselves." The BIA has held that an asylum applicant claiming economic persecution "need not demonstrate a total depri-

---

**2.** Nor need we reach the question of whether Liu's claimed status as "a common peasant whose land has been confiscated by the government and who has protested this taking on more than one occasion and who has been beaten once and attempted to be arrested once," as he described it on appeal, qualifies him for membership in a social group for purposes of 8 U.S.C. § 1101(a)(42)(A).

vation of livelihood or a total withdrawal of all economic opportunity." *In re T–Z*, 24 I. & N. Dec. 163, 173 (BIA 2007). However, this error does not require remand, as Liu has failed to show a nexus to a protected ground. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.")

Because Liu's failure to show a nexus to a protected ground is dispositive of his asylum claim, he is also unable to meet the higher standard for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Finally, Liu failed to raise his CAT claim in his appeal to this Court; as such, it is deemed waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

